Lisa Counters, 016436
SCHIFFMAN LAW OFFICE, P.C.
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

Zach Schmoll (MN Bar# 0396093)
*Pending Admission via Pro Hac Vice*
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Zach@Fieldslaw.com

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Smith,<br><br>                Plaintiff,<br>vs.<br><br>The Prudential Insurance Company of America; Dex Media, Inc. Long-Term Disability Plan<br><br>                Defendant. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Carl Smith ("Plaintiff") alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant The Prudential Insurance Company of America ("Prudential") is an insurance company incorporated in Pennsylvania. Prudential is authorized to do business in Maricopa County, Arizona.

3. Defendant Dex Media, Inc. Long Term Disability Plan ("Plan") is a purported ERISA benefit plan established and maintained by Dex Media, Inc. ("Dex"). The Plan includes long-term disability benefits ("LTD"). Dex is the Plan Administrator.

4. Dex is a Plan Fiduciary and Plan Administrator as those terms are defined by ERISA.

5. Prudential is obligated to provide benefits to Plan members through the group disability policy it issued to Dex, Policy No. G-50662-TX. (Attached as Exhibit 1)

6. Prudential is the Claim Administrator and is also a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

7. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and Prudential have caused events to occur in Arizona out of which Plaintiff's claims arise.

8. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

9. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

10. Dex provided certain employees with LTD benefits pursuant to the Plan.

11. Under the terms of the LTD benefit, Plaintiff is entitled to benefits for the first 18 months when Prudential determines he is unable to perform the material and substantial duties of his regular occupation due to sickness or injury, under the regular care of a doctor and have a 20% or more loss in his monthly earnings due to that sickness or injury.

12. After the first 18 months of disability, Plaintiff is considered disabled when Prudential determines that he is unable to perform the duties of any gainful occupation for which he is reasonably fitted by education, training or experience and is under the regular care of a doctor. The Plan defines gainful occupation as an occupation, including self-employment, that is or can be expected to provide you with an income within 12 months of

your return to work, that exceeds: 60% of your indexed monthly earnings if you are working; or 66 2/3% of your monthly earnings if you are not working.

13. Plaintiff became disabled under the terms of the Plan's policy on or about June 22, 2016 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to LTD benefits under the terms of the Plan.

14. Plaintiff submitted a timely claim to Prudential for LTD benefits.

15. Prudential granted Plaintiff's claim for LTD benefits, and paid Plaintiff benefits until December 28, 2017.

16. On February 5, 2018, Prudential terminated Plaintiff's disability benefits.

17. Plaintiff appealed Prudential's decision; however, Prudential denied Plaintiff's appeal on September 26, 2018.

18. Plaintiff submitted a second appeal, which Prudential denied on May 2, 2019.

19. Plaintiff provided Prudential with substantial medical evidence demonstrating he was eligible for disability benefits.

20. Plaintiff has satisfied the jurisdictional prerequisites to filing a claim in federal court, including exhausting administrative remedies.

21. Prudential both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Prudential has a conflict of interest that influenced its decision-making and requires the Court to review this matter with increased skepticism. must be considered when determining whether its denial of Plaintiff's benefits was proper.

22. Prudential's interest in protecting its own assets influenced its decision to terminated Plaintiff's long-term disability benefits.

# COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

23. Plaintiff incorporates and realleges all previous allegations.

24. The Plan contains some language purporting to grant Prudential discretion and to give Prudential the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Plaintiff is entitled to de novo review.

25. Plaintiff became disabled on June 22, 2016 and remains unable to perform the duties fitting by education, training or experience and which results in, or can be expected to result in, an income of more than 66 2/3% of his adjusted predisability earnings.

26. If the Court determines the abuse of discretion standard applies, Prudential's decision to deny LTD benefits to Plaintiff was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples.

  a. Prudential relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the more recent opinion of in-person treating physicians and an Independent Medical Evaluation;

  b. Prudential relied on the opinion of a medical professional who was financially biased by their relationship with Prudential and as such unable to offer an unbiased opinion;

  c. Prudential relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

  d. Prudential relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

  e. Prudential ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f.   Prudential ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

27. Prudential abused its discretion in denying Plaintiff's claim.

28. The decision to deny benefits was wrong under the terms of the Plan.

29. The decision to deny benefits was not supported by substantial evidence in the record.

30. Prudential's failure to provide benefits due under the Plan constitutes a breach of the Plan.

31. Prudential's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from December 29, 2017 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

32. The Prudential Insurance Company of America's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

33. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums he paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief Plaintiff requests that the Court remand and instruct Prudential to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendants:

1.   A finding in favor of Plaintiff against Defendants;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment at the highest rate allowable by law, e.g., A.R.S. 20-462;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated this 3rd day of July 2019.

       FIELDS LAW FIRM
       SCHIFFMAN LAW OFFICE, P.C.


       By: /s/ Lisa J. Counters
         Lisa J. Counters
         Zachary Schmoll